IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY RAY WILSON, AIS#217101, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 2:23-cv-739-RAH-CWB |
| ANTONIO MCCLAIN, *et al.*, | ) ) | |
| Respondents. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Johnny Ray Wilson, an inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Thereafter, Respondents filed an Answer, arguing that Wilson's claims are unexhausted and procedurally defaulted. (Doc. 14.) Upon consideration of the parties' filings, and for the reasons below, Wilson's Petition will be denied without an evidentiary hearing as unexhausted. A certificate of appealability will not be issued.

**BACKGROUND**

On June 1, 2019, Wilson was arrested for assault in the first degree after authorities encountered Wilson punching and biting another man in the victim's vehicle. (Doc. 14-3 at 5.) On February 10, 2020, Wilson was indicted for attempted murder in violation of Alabama Code § 13A-4-2. (Doc. 14-3 at 10.) Wilson pleaded not guilty to the charge and proceeded to trial on November 17, 2021. (*Id.* at 12.)

Wilson was not present for the trial because of his refusal to attend. (*Id.* at 51-56.) At trial, the officer and victim testified that Wilson got into the victim's truck and beat him profusely. (*Id.* at 87, 111.)

The jury returned a guilty verdict against Wilson. (*Id.* at 18.) Wilson filed a motion to set aside the verdict, but this was denied by the trial court. (*Id.* at 22.) On January 4, 2022, Wilson was sentenced to life in prison. (*Id.* at 27.)

On January 28, 2022, Wilson appealed to the Alabama Court of Criminal Appeals. (*Id.* at 25.)  On appeal, Wilson argued the evidence at trial was insufficient to support the conviction. (*Id.* at 30.) The Court of Criminal Appeals disagreed, affirmed the conviction on February 3, 2023, and certified the judgment as final on February 22, 2023. (Doc. 14-7 at 1.) Wilson did not file an application for rehearing, did not file a petition for writ of certiorari with the Alabama Supreme Court, and did not file any Rule 32 petitions. (Doc. 14-2 at 1-3.)

Instead, on December 19, 2023, Wilson, pro se, filed the instant Petition pursuant to 28 U.S.C. § 2254.  In his Petition, he asserts claims of: (1) ineffective assistance of counsel[1] and (2) lack of  subject matter jurisdiction by the state circuit court.[2] (Doc. 1 at 5-10.) The Government argues in its answer that Wilson's claims are unexhausted and procedurally defaulted. (Doc. 14.)

## DISCUSSION

A petitioner must exhaust state court remedies before seeking relief through a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1). This ensures the State has an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404

---

[1] (1) Counsel failed to object to the amendment of the charge from assault to attempted murder at arraignment; (2) Counsel failed to object to certain evidence at trial, including a gun, stolen gun, and ammunition; (3) Counsel failed to object to Petitioner's lack of attendance at trial; and (4) Counsel failed to object to the trial court's order allowing hearsay evidence at trial.

[2] (1) The trial court lacked subject matter jurisdiction because the original charge of assault was upgraded to attempted murder without his consent in violation of his due process rights; (2) The trial court lacked subject matter jurisdiction because he was not properly arraigned since he was not given notice and not allowed to attend; and (3) The trial court lacked subject matter jurisdiction because Wilson was not present for trial.

U.S. 270, 275 (1971)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989).

To meet the exhaustion requirement, the federal habeas petitioner must have "'fairly presented' to the state courts the 'substance' of his federal habeas claim." *Lucas v. Sec'y, Dep't of Corrs.*, 682 F.3d 1342, 1353 (11th Cir. 2012) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). In other words, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This one complete round can be satisfied either through a direct appeal to the Alabama appellate courts or through a post-conviction petition for collateral review under Rule 32 of the Alabama Rules of Criminal Procedure. *See Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review to the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); *see also Dill v. Holt,* 371 F.3d 1301, 1303 (11th Cir. 2004) ("A complete round of the state appellate process includes discretionary appellate review 'when that review is part of the ordinary appellate review procedure in the State.'"); *Wrenn v. Toney*, No. 21-13337-E, 2022 WL 966398, at *1 (11th Cir. Feb. 10, 2022) (finding claims procedurally barred because petitioner failed to exhaust claims, as he did not appeal denial of Rule 32 petition); Ala. R. Crim. P. 32.1(f), 32.2(c); Ala. R. App. P. 39, 40.

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his

claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas.") (citations omitted); *see also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

Furthermore, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 4). The Eleventh Circuit has affirmed such *sua sponte* dismissals without prejudice for unexhausted habeas petitions. *See, e.g., Esslinger v. Davis*, 44 F.3d 1515, 1524 (11th Cir. 1995).

A review of the record confirms the Respondents' contention that Wilson failed to exhaust his habeas claims through one complete round of state court appellate review during his state post-conviction proceedings. The claims were not raised or pursued in state court and thus were not submitted to a complete round of Alabama's appellate review process—whether by direct review or, with regard to his claims against counsel, in a Rule 32 petition and an appeal from the denial of a Rule 32 petition. *See Smith*, 256 F.3d at 1140–41. A review of the record indicates that none of the claims in Wilson's § 2254 petition were raised in state court. The only claim raised in Wilson's state court appeal was that the evidence was insufficient for a jury to convict him of attempted murder. (Doc. 14-6 at 6.)

Regarding Wilson's claim that he received ineffective assistance of trial counsel, Respondents correctly observe that this claim was never presented to a state court for review such as through a Rule 32 proceeding and, as such, this claim is unexhausted. *See Ex Parte Ingram*, 675 So. 2d 863, 866 (Ala. 1996) (the proper method for presenting a claim for ineffective assistance of trial counsel that cannot reasonably be presented in a motion for a new trial is by filing a Rule 32 petition); *Murray v. State*, 922 So. 2d 961, 965 (Ala. Crim. App. 2005) (same).

Respondents further correctly observe that Wilson may no longer return to the

4

state courts to exhaust these claims because, by the time he filed his § 2254 petition, any attempt by Wilson to present these claims in a Rule 32 petition (where a claim of this nature would ordinarily be properly raised) would be time-barred under the one-year limitation period in Ala. R. Crim. P. 32.2(c). *Id.* Thus, the exhaustion and preclusion rules coalesce into the procedural default of these claims. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include a factual or legal basis for a claim that was not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray*, 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

Wilson maintains that the procedural default of his habeas claims should be excused but he does not say why. (Doc. 1 at 13-14.) To show excuse, Wilson must show "that some external factor to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. While ineffective assistance of counsel may serve as cause for a procedural default, *id.*, a procedurally defaulted ineffective assistance of counsel claim can serve as "cause" to excuse the procedural default of another habeas claim only if the habeas petitioner could have

5

satisfied the cause and prejudice standard with respect to the ineffective assistance of counsel claim itself. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Wilson has not met his burden here. He has not shown any reason why an application for rehearing, certiorari petition, or Rule 32 petition could not be filed. Therefore, he has not demonstrated cause excusing his failure to exhaust his claims through a complete round of appellate review in his state post-conviction proceedings.

Wilson does not demonstrate cause excusing his procedural default of these claims, and he does not assert his actual innocence. Consequently, these procedurally defaulted claims are, like his other claims, not subject to federal habeas review. Because Wilson fails to establish cause excusing his procedural default, his claims are foreclosed from federal habeas review.

Based on a review of Wilson's § 2254 petition and the state court record, Wilson has failed to exhaust his state court remedies regarding the claims in his current petition. While Wilson did directly appeal to the Alabama Court of Criminal Appeals, he did not file an application for rehearing or file a petition for writ of certiorari with the Alabama Supreme Court. These are prerequisites to filing a § 2254 petition. Thus, as a general rule, this Court cannot address the merits of his § 2254 petition.

### CONCLUSION

Accordingly, it is **ORDERED** that Petitioner Johnny Ray Wilson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (doc. 1) is **DENIED** without an evidentiary hearing and this case is **DISMISSED** without prejudice for failure to exhaust his state court remedies. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not be issued. 28 U.S.C. § 2253. It is further **ORDERED** that Wilson's *Motion To Dismiss All Charges And Set Free* (doc. 30) is **DENIED** as moot. Final judgment will be entered separately.

**DONE**, on this the 31st day of March 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE